EASTERN DIST.
February, 1857.

HUTCHISS,
TUTOR, &c.
vs.
DODD ET AL.

=====

### HUTCHISS, TUTOR &C. *vs.* DODD ET AL.

APPEAL FROM THE JUDGE OF THE PROBATES FOR THE PARISH OF
WEST BATON ROUGE.

An appeal cannot be maintained from the refusal of the judge, to order a re-sale of minor's property, when the appeal bond is only taken to the under tutor, and when neither, he nor any other parties, are cited in the appeal.

The petitioner alleges, that he is the tutor of the minor heirs of James Hacket, deceased, and that their property consists principally of landed estate on the Mississippi river, which is very valuable, but which has been appraised and directed to be sold by the advice of a family meeting; that a sale took place on the 8th of September, 1836, but that it was adjudicated by the parish judge to the purchasers, for less than its appraised value, in consequence of which, the sale is a nullity; that the parish judge refuses to order a re-sale, although it is for the interest of said minors, that it be re-sold. He protests against the defendants, as having acquired nothing by their purchases, and that said sale is a nullity.

There is no one cited, or made a party to these proceedings. But the probate judge on being requested to re-sell the property, refused, on the ground that it had been ordered to be sold to pay certain debts.

The family meeting decided that the property should be sold in two portions separately, and no minimum having been stipulated for either portion, it is impossible to say at what price either of them should be sold; one of the portions including all the improvements, the other being without any, &c. It is ordered that the plaintiff's demand be rejected, &c. From this judgment the plaintiff appealed.

*Davis*, for the plaintiff, argued this case *ex parte*, and maintained the following points:

1. The nullity of the sale alleged is an absolute nullity, which gives no title to the purchaser.

2. The judgment of the probate judge should be reversed, and this case remanded, with instructions to re-sell the property of the minors, in conformity to the provisions of *articles* 336 and 337 of the *Louisiana Code*.

3. The exceptions to the general rule, recognized by the court, in 7 Louisiana Reports, 312, is confined to positive and special cases, and in that case, to the demand of the appellant.

*Martin, J.*, delivered the opinion of the court.

The tutor of the minor is appellant from the refusal of the judge, to order a re-sale of certain lands of theirs, which are alleged to have been illegaly sold. The appeal bond is in favor of the under tutor, but neither he, nor any other person has been made a party to the appeal by a citation. It is, therefore, clear that we cannot inquire into the correctness of the judgment *ex parte*; the appeal must, consequently, be dismissed.

*Margin notes:*

EASTERN DIST. February, 1837.

HUTCHISS, TUTOR, &c. *vs.* DODD ET AL.

An appeal cannot be maintained, from the refusal of the judge, to order a re-sale of minor's property, when the appeal bond is only taken to the under tutor, and when neither he nor any other parties are cited in the appeal.